FTW REVOCABLE TRUST, STEPHEN R. HADLEY, and LINDA K. HADLEY, Plaintiffs-Appellants,
v.
PETER T. YOUNG, in his capacity as Chairperson of the Board of Land and Natural Resources, State of Hawaii; STEPHEN THOMPSON, in his individual capacity and his official capacity as Oahu District Manager, Division of Boating and Ocean Recreation, Department of Land and Natural Resources, State of Hawaii; and WESLEY CHOI, in his individual capacity and his official capacity as Harbor Agent at Keehi Harbor, Division of Boating and Ocean Recreation, Department of Land and Natural Resources, State of Hawaii, Defendants-Appellees.
No. 27374.
Intermediate Court of Appeals of Hawaii.
February 22, 2007.
On the briefs:
R. Steven Geshell, for Plaintiffs-Appellants.
William J. Wynhoff, Deputy Attorney General, for Defendants-Appellees.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Plaintiff-Appellants FTW Revocable Trust, Stephen R. Hadley, and Linda K. Hadley (collectively, Appellants) appeal from the "Judgment in Favor of Peter T. Young, in His Official Capacity, Stephen Thompson, in His Individual and Official Capacities and Wesley Choi, in His Individual and Official Capacities and Against FTW Revocable Trust, Stephen R. Hadley and Linda K. Hadley" filed on June 2, 2005, in the Circuit Court of the First Circuit.[1] On appeal, Appellants raise four points of error:
(1) The circuit court erred by granting the November 14, 2003 "Motion for Summary Judgment as to All Claims and Parties" in favor of Defendants-Appellees Peter T. Young (Young), Stephen Thompson (Thompson), and Wesley Choi (Choi) (collectively, Appellees) as to Appellants' claims for monetary damages and by ruling that Appellees were entitled to qualified immunity in their individual capacities.
(2) The circuit court erred by granting the February 17, 2005 "Motion for Summary Judgment as to Remaining Claim" (for declarative and injunctive relief against Appellees in their official capacities) in favor of Appellees.
(3) The circuit court committed reversible error by denying Appellants' April 6, 2005 "Motion for Revision of the Order Filed January 9, 2004 Granting in Part and Denying in Part [Appellees'] Motion for Summary Judgment Filed November 14, 2003."
(4) The circuit court "committed reversible error by entering judgment in favor of [Appellees] on June 2, 2005."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues as raised by the parties, we hold:
(1) Appellees were entitled to summary judgment on Appellants' due process claims raised under 42 U.S.C. § 1983 because Appellants did not allege the deprivation of a constitutionally-protected property interest. Both the Fifth Amendment to the United States Constitution and Article I, § 5 of the Hawai'i Constitution protect against deprivation of property without due process, and procedural due process protects against state deprivation of property interests. Brown v. Thompson, 91 Hawai'i 1, 9, 979 P.2d 586, 594 (1999). Due process does not mandate a fixed process in every situation. Sandy Beach Def. Fund v. City Council of the City and County of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989).
In assessing Appellants' due process claim, this court conducts a two-step inquiry: (1) is there a constitutional property interest and (2) if so, what measures must exist to protect it? Brown, 91 Hawai'i at 10, 979 P.2d at 595. For a property interest to exist, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it He must, instead, have a legitimate claim of entitlement to it." In re Roberts Tours & Transp., Inc., 104 Hawai'i 98, 106, 85 P.3d 623, 631 (2004) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972)). A property interest may stem from a source such as state law. Roth, 408 U.S. at 577, 92 S. Ct. at 2709.
Appellants argue that the Vela's mooring permit constituted a constitutionally-protected property interest of which they were deprived without due process. They also assert that they were "entitled" to renew the mooring permit. Each claim lacks merit. As to the first, Appellees did nothing to deprive Stephen of the Vela's mooring permit  it expired according to its own terms. As to the second, Stephen did not attempt to renew the mooring permit and Appellants fail to show any authority to support their argument that any individual other than the permit holder (in this case, Stephen) had a constitutionally-protected property right to renew a mooring permit.
(2) Assuming arguendo that Appellants alleged deprivation of a protected property interest, Appellees would be entitled to summary judgment based on qualified immunity because there exists no law giving Linda a clearly-established right to renew Stephen's mooring permit. Qualified immunity "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued." Brown, 91 Hawaii at 16, 979 P.2d at 601 (internal quotation marks and citations omitted). State officials are not expected to be forecasters of constitutional law. Id. Therefore, if the state official could have "reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right," then that official is entitled to summary judgment on the question of qualified immunity. Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001).
(3) The circuit court did not err by granting summary judgment in favor of Appellees in their official capacities on the claims for prospective injunctive relief. This court has already concluded that no violation occurred in this case; thus, there is nothing to enjoin.
Therefore,
The "Judgment in Favor of Peter T. Young, in His Official Capacity, Stephen Thompson, in His Individual and Official Capacities and Wesley Choi, in His Individual and Official Capacities and Against FTW Revocable Trust, Stephen R. Hadley and Linda K. Hadley" filed on June 2, 2005, in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Victoria S. Marks presided.